Chief Justice Robertson
delivered the Opinion of the Court.
Richard Adams, of Virginia, who died sometime in the year 1800, published his last will, in which, among other devises, he devised to his executors and to the survivor or survivors of them, his lands on the western waters, to sell for the payment of debts.
The persons whom he had nominated as his'executors having refused to act as such, an administrator with the will annexed w'as appointed by the proper court of the county in which the testator had lived and died.
Afterwards, in February, T824, the county court of Owen county, in this state — in which county a tract of twenty thousand acres, included in the devise to the executors, then lav — made an order for appointing Samuel Tod administrator with the will annexed of Richard Adams ; and Tod, as administrator, made a conveyance, in June, 1824, to John J. Marshall, of the said twenty thousand acres, w'ith the following exceptions: — “It is understood, however, that said Richard, in his life time, sold and conveyed, or gave his bond to convey, about three thousand nine hundred acres of said land — two thousand five hundred to William May, and one thou *59 Sand four hundred to Robert Andrews. It is also understood, that he may perhaps have disposed of about eight hundred acres more, or that about that quantity has been conveyed in compliance and performance of a contract of said Richard : if such shall turn out to be the fact, eight hundred acres thus conveyed, together with the three thousand nine hundred, are excepted.”
Some time between 1800 and 1803, one Goodwin settled within the boundary of the twenty thousand acres, claiming about eight hundred acres thereof, which had been set apart for him, in consequence of a contract of sale made with Samuel G. Adams, one of the testator’s sons. Goodwin retained the continued and undisturbed possession of the land thus designated, until hisde tí1, and the defendants, claiming under him, liave enjoyed the like possession ever since.
In 1827, John J. Marshall brought an action of ejectment against Alice Dean, Goodwin and others; for the purpose of obtaining the possession of the tract of about eight hundred acres which had been claimed and occupied as just described. Verdict and, judgment having been rendered against him, this court reversed the judg.ment, and remanded the case for a new trial, because the circuit court had erroneously permitted Tod (Marshall’s vendor) to testify that the land in contest was the tract of about eight hundred acres referred to in the exception in his deed to Marshall. — See the case as reported, 4 J. J. Mar. 583.
On a trial after the return of the case to the circuit court, the defendants obtained another verdict without Tod’s testimony ; and a court having- overruled a motion for a new trial, this writ of error is prosecuted to reverse the judgment rendered on the last verdict.
Whether, as the record does not shew that the will had been proved or admitted to record in Owen county prior to the grant of administration to Tod, the county court of Owen should be deemed to have had jurisdiction; or whether, if it had jurisdiction, the devise to the executors should be construed as vesting the legal title in the persons named as executors, even though they refused to act as executors, and w'hether, therefore, *60 an administrator, cum testamento, could legally sell and ■ convey, are questions which might be properly considered in this case. But we will waive them, as we are of the opinion that, conceding Tod’s legal power to convey, the jury might have inferred, from all the proof, that the land in controversy was embraced in the exception in the deed.
It is evident that the parties to the deed had some 3’eason to believe that, a tract of about eight hundred acres had beeh sold or u disposed of” by Richard Adams, or with his sanction and under his authority, and that a conveyance had, perhaps, been made by his rep-i'esentatives. The defendants, or some of them, claiming, under Adams’s title, the land now in controversy, were residing on it at the date of the conveyance to Marshall. There is no proof or intimation that any other tract of about eight hundred acres had been sold or was claimed. ' Samuel G. Adams (Richard’s son) had made the contract with Goodwin, and promised to have Richard’s title conveyed to' Goodwin. It does not appear that the contract with Samuel was made since the death of Richard, and it is not material whether it was in writing or not, as the fact of sale by Richard, or with his sanction, is all that is essential. These facts, combined with the important circumstance that Goodwin and those claiming under him had claimed, by contract of purchase, and had peaceably occupied, cultivated and improved, under the title of Richard Adams, the tract of about eight hundred acres for at least twenty nine years at the time of the last trial, and for at least twenty four years prior to the institution of this suit, authorized the jury to presume that Samuel G. Adams had sold the land for or with the authority of his father, and that the tract thus sold, claimed, and occupied, was the tract of about eight hundred acres intended by the exception in the deed. At all events, this.court, under all the circumstances, does not feel at liberty to set aside a second verdict for the defendants upon such facts as those exhibited on the last trial.
Judgment affirmed.